**FILED**

IN THE UNITED STATES DISTRICT COURT    J .N
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OCT 3 1 2007

*OCT. 31, 2007*
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| THE TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, and the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE & TRAINING PROGRAM FUND, | ) ) ) ) ) ) ) |
| Plaintiffs, | |
| v. | 07cv6156 JUDGE GUZMAN MAG. JUDGE KEYS |
| JOHNSON & PIPER BUILDERS, INC., An Illinois Corporation | |
| Defendant. | ) ) ) |

<u>**COMPLAINT**</u>

Plaintiffs, Trustees of the CHICAGO REGIONAL COUNCIL OF

CARPENTERS PENSION FUND, et al, by their attorney, Karl E. Masters complain of

the Defendant, JOHNSON & PIPER BUILDERS, INC. as follows:

1.    This action arises under Section 502 of the Employee Retirement Income

Security Act ("ERISA") (29 U.S.C. §§1132) and Section 301(a) of the Labor

Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. §185(a).

Jurisdiction is founded on the existence of questions arising thereunder.

2.    The CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION

FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND

and the CHICAGO AND REGIONAL COUNCIL OF CARPENTERS APPRENTICE

AND TRAINEE PROGRAM ("Trust Funds") receive contributions from numerous

employers pursuant to Collective Bargaining Agreements between the employers and the

CHICAGO REGIONAL COUNCIL OF CARPENTERS, successor of the CHICAGO &

NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, ("Union"), and

therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are

administered at 12 East Erie Street, Chicago, Illinois and venue is proper in the Northern

District of Illinois.

3.      The Defendant is an employer engaged in an industry affecting commerce

which entered into Agreements which require Defendant to pay fringe benefits to the

Trust Funds as therein required.

4.      Delinquent employers are required to pay, in addition to the amounts

determined to be due, reasonable attorney fees, court costs, audit fees and other

reasonable costs incurred in the collection process.

5.      The Defendant must submit monthly reports listing the hours worked by

its carpenter employees ("contribution reports") and to make concurrent payment of

contributions to the Plaintiffs based upon the hours worked by its carpenter employees.

6.      The Defendant breached the Collective Bargaining Agreement and Trust

Agreements by failing to submit contribution reports from July of 2007 through the date

this complaint was filed.

7.      The Defendant breached the Collective Bargaining Agreement and Trust

Agreements by submitting contribution reports to the Plaintiffs for the month of June of

2007 which indicated it owed $8,358.49 in contributions, but failing to enclose payment.

8. The Defendant also owes delinquent contributions to the Plaintiffs for May of

2007 in the amount of $195.97.   Defendant submitted reports to the Plaintiffs in this

month, but did not make full payment of the amounts outlined by that report.

9.    Plaintiffs have complied with all conditions precedent in bringing this suit.

10.    Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from Defendant.

11.    Defendant is obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2)(D).

12.    Pursuant to 29 U.S.C. §1132(g)(2)(B), the Plaintiffs are entitled to interest on any monies that may be found to be due and owing from the Defendant.

13.    Pursuant to 29 U.S.C. §1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

    a.    double interest on the unpaid contributions; or
    b.    interest plus liquidated damages provided for under the Trust Agreements not in excess of 20% of amount that is due.

14.    Pursuant to the Trust Agreements, Plaintiffs are entitled to liquidated damages at the rate of 1.5% compounded monthly.

WHEREFORE, Plaintiffs pray:

A. That the Defendant be required to submit fringe benefit reports and contributions for the months of July 2007 through the present, or that the Plaintiff be allowed to submit an estimate of the amount of contributions due should the Defendant fail to submit the reporting forms

B. That the Defendant be required to pay the delinquent contributions which are currently owed to Plaintiffs.

C. That the Defendant be ordered to pay liquidated damages pursuant to the Trust Agreements.

D. That the Defendant be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B).

E. That the Defendant be ordered to pay interest or liquidated damages on the amount due pursuant to 29 U.S.C. §1132 (g)(2)(C).

F. That the Defendant be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Trust Agreements and 29 U.S.C. §1132 (g)(2)(D).

G. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's costs pursuant to 29 U.S.C. §1132(g)(2)(E).

By: _____
       KARL E. MASTERS

Karl E. Masters
Whitfield, McGann & Ketterman
Attorneys for Plaintiffs
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Phone: 312/251-9700
Atty. No. 6277980